We'll hear argument first this morning in Case 14-857, Campbell-Ewald Company v. Gomez. Mr. Garre. Thank you, Mr. Chief Justice, and may it please the Court. To affirm the Ninth Circuit on the first two questions presented, this Court must accept the following two propositions. First, a plaintiff can force a court to adjudicate the merits of his claim simply by refusing the defendant's offer of capitulation and complete relief. And second, that a plaintiff has what amounts to a substantive right to class litigation that applies as soon as a complaint is filed and that entitles the case to proceed, even if his individual claim drops out before any court is concerned. Scalia. Is there any controversy over whether the offer is complete relief? Garre. I don't think so, Your Honor. The district court found that it was at page 40 of the Petition Appendix. The Ninth Circuit decided this case based on that premise. That's at page 5A of the Petition Appendix. So I think as the case comes to court. Scalia. Did we take it on that assumption, too? Garre. I think you should, Your Honor. Now, they have argued below that the only reason that it wasn't for complete relief was that because it didn't provide for attorney's fees. But the TCPA, the underlying statute here, does not provide for attorney's fees. Kagan. But that's a merits question as to whether they're entitled to attorney's fees. If the question is, you know, complete relief means what the plaintiff has asked for, the plaintiff has asked for attorney's fees here. Garre. I don't think that's what complete relief means, Your Honor. I think it means that the plaintiff has received everything that he could, that he could if he received a judgment in this case. Sotomayor. Well, he would receive a finding of liability, which you didn't admit in your offer. He would be entitled to an injunction against that activity, the activity that caused this particular situation, and if others were shown, to an injunction in other ways. So I don't see how this could be — putting aside the class action, putting aside the attorney's fees, those appear to be fairly critical liability determinations that were not made by the court below. First, as the case comes to the Court, I think it is accepted that the offer was for complete relief. Now, let me try to answer the points that you raise. First, he's not entitled to a finding of liability. If a litigant was always entitled to a finding of liability, then essentially no case could become moot. If you take the voluntary cessation context, litigant could always insist that he's still entitled to the finding of liability. He isn't. Kennedy, you want us to write an opinion saying that a settlement offer is equivalent to a judgment. And we've had cases like the Kokkonen case in which there was a settlement approved by the court, case dismissed. Then the settlement was not performed. They went to court seeking an injunction. The court said, no, no, you have a contract. You have to file again. You have to go into a different court. You have to start all over again. A settlement offer and a settlement contract and a settlement agreement are different from a judgment, and you do not have a judgment. Well, Your Honor, I think that the accepted principle is that a settlement moots the case and requires the court to dispose of the case. I mean, I think that's the accepted principle. Kennedy, but you didn't pursue that. You didn't apply under the rules for a judgment. And if you want us to write an opinion and say, oh, well, a settlement offer is the same as a judgment, that just doesn't accord with Federal rules of civil procedure or with our cases like the Kokkonen case. Well, Your Honor, I think this case is consistent with the Kokkonen case. What the Kokkonen case recognizes is that once a case has come to an end, the court has ancillary jurisdiction to dispose of it. In that case, it dealt with the enforcement of a consent decree. Here, our fundamental rules are different. They are, and it says, Rule 68 says, an offer of judgment expires automatically after 14 days if it's not accepted. It is deemed withdrawn, and it cannot be used for any purpose other than to saddle the plaintiff with costs if she doesn't get more than the offer. So we have a Federal rule directly in point. And that instructs litigants what an offer of judgment means. Why do we look any further than that? Well, first, Your Honor, this case, there was not only the Rule 68 offer of judgment, but a freestanding settlement offer. So we think that the mechanics of Rule 68 don't apply here. Well, isn't that rather an end run around the offer of judgment? Well, I don't think so. I mean, it still presents the question of whether the controversy still exists, given that the defendant has offered the plaintiff everything that he could secure through a favorable judgment. The plaintiff asked for class action, didn't get that because they weren't far along enough for the plaintiff even to move the certification. And the plaintiff in Genesis Health Care asked for a collective action. The Court found that that allegation cannot be denied. But a collective action is simply a device for permissive joinder. It's quite different, as Genesis recognized. Class action, I don't remember Justice Thomas's exact words, but it's a whole different kind of thing. Well, and here's how I think it's different, Your Honor. You're right, it is different. But it's different in that this Court has repeatedly said that the class has no independent legal status until it's certified. And it's different in that in Genesis Health Care, you had a statutory right to a collective action, but the Court said that that didn't trump Article III. And here it does not do the same. All it is, it's an invitation to people to join you. That's all that – it's a permissive joinder. Well, it was still pretty important to the plaintiff in that case, and it was a statutory right. And here, the question is, when the individual claim drops out, is there any basis for the action to proceed, simply so that on the potential that a class could be certified? One is that potential. The other is, it's not that I would be entitled to attorney's fees from the loser. But if there's a class, then there are a lot of other people who will share in the attorney's fees and I'll have to pay less. And that's the cost-sharing argument that was made in Roper. And if I could say a couple of things about that. First, the plaintiff in this case, unlike the plaintiff in Roper, never made that argument below. He never argued in favor of cost-sharing. In fact, the complaint, if you look on page 21 of the Joint Appendix, touts that he has all the financial resources necessary to bring this action. Second of all, in Roper, the Court relied on that interest solely for the purpose of allowing the appeal from the denial of certification when the mooting event occurred after the denial of certification. So there you had a real relation back issue. If the Court had been wrong in denying certification, then the case never would have become moot in the first place. Here, the mooting event takes place before certification. There's nothing to relate back to. Kagan. But if I could go back a little bit, Mr. Garrett, and this is, I think, the question that Justice Scalia started with. There are a number of things that you've said, well, he asked for it, but he's not  He asked for attorney's fees, but he's not entitled to attorney's fees. And he asked for an injunction or declaratory relief, and he's not entitled to that. And he asked for class certification, but he's not entitled to that. And so the case is moot. And the so the case is moot seems to me to be a non sequitur. In other words, he's asked for these things, you haven't offered these things, and there's a dispute about whether he's entitled to these things. Now, you might be completely right as to that he's not entitled to attorney's fees, but that has to be adjudicated. You can't, a court can't just say, oh, you've offered complete relief, because in his view, you haven't offered complete relief, and that's what the litigation is all about. And a court can make that determination, just like a court can determine whether or not a defendant who says he's going to stop his action has truly voluntarily ceased his action. A court can absolutely make that determination, but the question is, does the court make that determination in the guise of a mootness motion? Well, I think it absolutely does, just like it would in the voluntary cessation context. I want to be clear, because I think we have a little bit of a difference. Sotomayor, why can't it do that in the context of a summary judgment motion? I mean, why does it have to moot the case? Wouldn't the appropriate vehicle be a summary judgment motion in which you admit the facts that make you liable, or you concede the facts that make you liable, and then you fight about the legal questions? The reason is, when one party throws in the towel, the match is over. Here, the question is whether there's an Article III case or controversy when the defendant is no longer fighting over the result as to the thing at issue. Those are the words that the Court used in the San Pablo case. That's an Article III determination. Sotomayor, but what's an Article III determination is whether he or it or she is entitled to the relief that they asked for. It may well be they're not, but they're entitled to have the court say it, not you. A court can certainly make the determination of whether or not they have provided a complete relief. In a case like this where you're dealing with liquidated damages, that's easy.  Sotomayor, you call this a freestanding offer, but I have it right here, and the offer says, Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68. This was your client's submission. No. Well, you're right, Your Honor. That's the Rule 68 offer. If you go on page 57A of the Petition Appendix, there's the freestanding settlement offer, which isn't a Rule 68 offer. The other thing about Rule 68 is it's really not designed for the situation of complete relief. It's designed for the situation where the defendant and plaintiff have to gamble, essentially, over whether or not an offer for less than complete relief is sufficient that they want to settle on that basis. In this case, you had a freestanding settlement offer. It provided for complete relief, and so the question is whether or not the plaintiff had a personal stake in the case, sufficient in the outcome of the case, sufficient to keep this case alive. Justice Kennedy, to get back to your point about settlement, and I think there's something that's important to recognize here, is here's our position. When the offer of complete relief is made and when a court has determined that it is indeed for complete relief, then the case has to come to an end. Now, whether you say it's moot at that precise moment or whether you say it starts the ball rolling down the hill towards a dismissal or entry of judgment for the plaintiff based on the terms of the offer, the point is, is that when the defendant has offered everything, courts can't go ahead and expound on the law. I mean, this Court has repeatedly said when it's not necessary to decide, it's necessary not to decide. And that's the fundamental principle at stake here. Defendant has offered everything. Can the plaintiff Kennedy, suppose one day after the offer, the defendant defaulted? Would a case that's now, was once moot, now become non-moot? Well, I mean, that would be an unusual situation. If it did, Your Honor, I think It happened in Kokonin. We had a case on it here in the Court. And, you know, Roper's another case where there was an offer that the Court never didn't really question in that case whether the offer mooted the claim on the merits. The only question was whether they could appeal the denial of certification. Here, the plaintiff's position is asking this Court to go far beyond what the Court recognized in Roper, and really to recognize a substantive right to class adjudication. At the end of the day, that's what they're insisting on. As soon as they file their class complaint A substantive right, how about a procedural right to litigate entitlement to class status? I don't think you can describe it as a procedural right. This Court has said that Rule 23 is a procedural mechanism. When the requirements are met, it said that there's no separate legal status for the class until the class is certified. And the Jacobs Sotomayor, so why is it that we permit relation back at all? If we have cases that say when a case has become moot in the middle of the litigation, it can relate back to the beginning. Okay. Well, first of all If mootness is mootness, mootness is mootness, right? Yes. First of all, the Court has recognized two narrow exceptions, Your Honor. First is an appeal from the denial of class certification when the mooting event happens while the case is on appeal. That's the Roper case. And the second is the inherently transitory exception. Now, it's not even clear that the Respondents are asking for either exception because I don't see relation back or inherently transitory in their red brief. But it's clear that the first exception doesn't apply because this case doesn't involve an appeal from the denial of class certification. And it's clear that the second case exception doesn't apply, inherently transitory, because in Genesis, this Court made clear that the concern of the so-called picking off wasn't a sufficient basis to say that a claim was inherently transitory. That exception doesn't deal with the defendant's litigation conduct. It deals with whether the claimant's conduct is going to recur, like a pretrial temporary detention situation. This case doesn't fit into that exception at all. Alito, what if the defendant — did you finish your answer, too? Yes, Your Honor. What if the defendant has very shaky finances, may be on the verge of bankruptcy or has a history of reneging on promises, but the offer to provide full relief moots the case even in that situation? A couple of answers to that, Your Honor. First, that's not an issue in this case. They've never disputed Campbell-Ewall's ability to pay.  The defendant is ready and able to pay. And third of all, in the situation where the case is dismissed for mootness based on the terms of the offer, and then it turns out that they can't execute the offer, I mean, that's a situation where the court — the plaintiff can go back to the court and say, you dismissed the case on an erroneous factual premise. That's like the judge-friendly decision that we cite in our reply brief. So that situation is not going to happen. And all of these practical concerns are going to go away if this Court recognizes in this case that a defendant's offer of complete relief ends any case or controversy over the individual claim, the case goes away. The plaintiffs are going to accept the offer. Kennedy, in the offer of complete relief from a solvent defendant where it looks like the relief will be forthcoming, if you lose this case and so the case is not moot, would it still be considered as a factor in the Court's decision whether or not to certify the class? I don't think — it certainly wouldn't be a classic certification decision factor, Your Honor. And I think, I mean, one of the reasons why the Court insists on an Article III case or controversy is that it wants to insist that it doesn't expound on the law unless it's a certain case. Kennedy, in other words, the class certification goes along without reference to whether the lead plaintiff has any injury any longer? Well, it's a — it's certainly a very unusual situation where the personal representative   in his discretion consider that as a factor in certifying or not certifying. Well, I suppose it could in terms of the personal representative, but the real question is, why would you want a court to expound on the law? Difficult questions about certification, as this Court knows as well as anyone, when there's no case or controversy to begin with, when the defendant has offered the plaintiff everything. And then the question is, if his individual claim drops out, what interest, to put it in Judge Friendly's terms, what interest does a plaintiff have? And if he was incurring multiple times in your brief and now twice, but in the case that Judge Friendly dealt with, the class claims had already been dispensed with, distinguished, extinguished. So it wasn't a case of a class certification not yet ruled on. It was ruled on. The class action was out of the case. It was only the individual. Well, you're right, Your Honor, about that distinction. But I think what Judge Friendly said applies equally here, which is that when a plaintiff loses individual interest in the case, he has no right to litigate on a class action because it might benefit others. He also pointed out that the offer of complete relief in this case, in this kind of situation, puts the plaintiff in a better position than a default judgment. The plaintiff has everything that he asked for. He's walking away with the money. And to your point earlier, Justice Sotomayor, just to be clear, the offer in this case included a stipulation to an injunction as well. So that's future conduct, not directed to the conduct, the direct conduct issue here. You can't undo past conduct. Sotomayor, you know, I looked at the three railroad cases you cited as proof that this has always been the case. But do you have anything besides those things? In the common law, I can't find any situation in which a court accepted an offer that wasn't accepted by the party. In the railroad cases, what they found was that an offer was made and the other side, by taking money, accepted the offer. But have you found any case in the common law that where there was an offer that was unaccepted was entered by the court? Well, three responses to that. First, in the San Pablo case, for example, the court's decision specifically makes clear that the plaintiff refused that offer. Second of all, we had to do you had to deposit the money in an account in the name of the plaintiff. And San Pablo turned on a provision of the California Civil Code that said an obligation for payment is extinguished, is extinguished by an offer of payment if the money is immediately deposited in a reputable bank in the name of a creditor. That's of course right, Your Honor. But of course, if acceptance was the rule, then it's a little bit odd that the court didn't mention the fact that he didn't accept it at all. The other point I wanted to make in response to Justice Sotomayor's question is we cited a long footnote in our opening brief that has many cases recognized as its principle. And then in our reply brief, we cite the holding case out of the English courts. It's an 1840 case, and that case is exactly on point. It involved a situation where a claim was brought for a debt. The defendant came in and said, here's your money, and the court in that case and the plaintiff refused to accept it, and the court in that case said it had a beholden duty to end the case, given that the defendant had offered everything that the plaintiff was seeking. Kagan, and this is very much along the same lines, you know, you have an old English case. You have these three cases in the 90s, 1890s, which were really about liabilities that had already been satisfied, and the court said it's already been satisfied, payment has already been made. But there's really no history at all, and tender offers have existed for a long, long time. There's no history at all of saying that a tender offer moots a case, as opposed to the classic understanding, the common law understanding of tender offers, was that it created an incentive for parties, and that that was their purpose and that was their effect, was to incentivize parties to do something, but not to provide a mechanism for a court just to throw out a case when a party decided that, for whatever reason, he thought that the tender offer was not good enough. Phillips, I think, first, I would just quibble. I do think there's a longstanding practice of recognizing that when the defendant has been offered everything he could secure, the case goes away. Second of all, and I think, you know, maybe more important, I mean, I would say that your dissent in Genesis Health Care itself recognizes that acceptance can't be the rule in all cases. I mean, you recognize in the situation where the plaintiff doesn't accept for obstinacy or madness, but once you're there, you recognize that acceptance can't be the rule. And that's got to be right, because in the voluntary cessation context, we don't require the plaintiff to accept that. Kaganer, I said that mootness is not the appropriate remedy in that case. It's the appropriate remedy in a case where it's absolutely clear that the defendant has given, has offered the plaintiff everything the plaintiff has asked for, which it's not in this case. But where it's absolutely clear where the defendant has offered everything that the plaintiff himself has asked for, the appropriate thing to do in order to prevent wasteful litigation is not to dismiss the case for mootness, but to grant judgment in favor of the plaintiff. And I think here, I mean, once we're at the point where we realize this case can't go on any further because he's been offered everything as the case comes to this Court, then the question for the Court is, well, how do we dispose of it? Do we tell the lower court to dismiss it as moot, or do we tell the lower court to enter judgment for plaintiff based on the terms of the offer, at which point it clearly becomes moot? I mean, this Court doesn't have moot, it's just decided. There's been an adjudication at that point. It's not a mootness. There hasn't been an adjudication, Your Honor. It's judgment entered based on the terms of the offer. It's not a judgment adjudicating the claim on the merits. It's not a judgment where the Court is picking a winner or a loser. The Court has simply recognized the fact that the defendant has offered everything and judgment's entered. Sotomayor, the only way that I see a court entering judgment in the Federal Rules of Civil Procedure is a Rule 56 judgment. Someone moves and says, you got everything you're entitled to, the other side comes back and says, no, I'm entitled to attorney's fees, I'm entitled to whatever, and the court says, no, you're not, this is a full satisfaction, I enter judgment. I don't know why we have to make a merits determination based solely on an unaccepted offer of judgment. Well, first of all, a judgment is just technically an order of disposing of the case. I mean, we went back and looked, and you yourself as a district court judge issued judgments in cases where you dismissed it as moot. It just reflects that the case has come to an end. Second of all, what we've recognized as an alternative position is the Sixth Circuit position here, which is that in this situation you can dispose of the case by entering judgment for a plaintiff based on the terms of the offer. That's not a judgment on the merits, because it's not adjudicating the claim on the merits. It's not picking a winner, not involving the court picking a winner, a loser, a winner, and it resolves all of the hypothetical concerns that they've raised about eliminating the case before they actually have the check in hand. And that's an appropriate way of disposing of this case, and no one can argue that there's an Article III interest in proceeding with the litigation once they have a judgment disposing of the case. And we're back to the other. Ginsburg, what are the pleading rules that say payment and accord and satisfaction are affirmative defenses? Your Honor, those are accord and satisfaction, for example, is a contract-based doctrine. It happens where payment is made before the case gets to litigation. There's no principle. Once the litigation begins, the principle that controls is Article III. Article III's case and controversy requirement requires that the plaintiff have a personal stake, a live personal stake in the outcome of the case at all stages of the proceeding. And on the first question, our point is that once you've been offered everything you could receive, and again, that's how the case comes here, and he has been offered everything that he could get through a favorable judgment on his individual claim, there's no longer a personal stake in litigating that case to the outcome. Ginsburg, what about the personal stake that a would-be class representative has in getting a bonus or an exception? Just as was true in Genesis Healthcare, the would-be class representative is in the same exact position he was before this case goes away, because he can still file his own claim, he can settle that claim, he can file his own class action. And, you know, here what we're arguing about is policy arguments about whether or not the court ought to find some basis to keep the class action alive. That's not an appropriate determination on the part of the jury. Ginsburg, how could he file a class action on your theory? That's what he wanted to do, and he was stopped very early on by this offer of judgment. Well, this gets to the concern of these sorts of class actions are going to go away. First of all, it's hard to feel too sorry about the plaintiffs who have everything that they could possibly ask for. When we're talking about absent people, as a practical matter in these sorts of class actions, what they get is pennies on the dollars of their claim. The big money goes to the class action lawyers here. All of this can be addressed, if Congress wants to address it, by addressing  Kagan. Kagan. But it's important not to let those drive this pretty technical mootness question. So if we could just take the class action arguments out of it. Just let's say that there is a plaintiff and he claims $10,000, he wants $10,000 plus attorney's fees, okay? And the defendant says, I'll give you $10,000. And the plaintiff says, no, I really want attorney's fees, too. And the defendant says, no, you're not entitled to attorney's fees. Plaintiff says, no, I think I am. I think I'm going to reject your settlement offer. So you say at that point, the court can come in and say, oh, the case is moot. Now, how is that possible? There's a contested question as to what one person owes another. The defendant has said he doesn't want to accept this offer because he doesn't think it gives him everything it's entitled to, he's entitled to. And the measure of complete relief has to be, at this stage, about what his complaint asks for. It's just like the voluntary cessation context, Your Honor. In that case he could ask for the key to Fort Knox, right? And then no settlement offer would suffice, right? He could ask for a unicorn, Your Honor. He could ask for a unicorn. Well, then you just take the case on the parrots. Don't you think the court There's a very easy response to this, which is if it's frivolous, if it's trivial, you dismiss the case on the merits. But the court can make that determination, and you'd want it to make that determination before it went ahead and adjudicated the claim on the merits, whether it's deciding difficult questions on certification, whether it's going ahead and making law on TCPA, whether it's going ahead and making law on an immunity claim. If it's a frivolous claim, I don't see why the court can't dispose of that initially. It can dispose of it. Even with the mootness, the court can make that mootness determination. It does in every other context in which mootness arises. And Article III wants the court to make that determination before the court goes on and expounds on the law. If I could reserve the remainder of my time. Thank you, counsel. Mr. Mitchell. Mr. Chief Justice, and may it please the Court. Campbell-Ewald's mootness argument fails because an offer of complete relief cannot render a case moot. At most, the offer might justify a forced entry of judgment, but not a jurisdictional dismissal. Even though you know if you're getting everything you want, what is the case or controversy? What is the live dispute in which you have a personal stake, which are the terms we use under Article III? The live dispute is in obtaining a court judgment that incorporates that relief that's been offered. So what is it you're worried about, that they won't make good on the offer or? The mere offer of complete relief does not have anything to do with mootness. Even if the plaintiff and the defendant agree on what the proper judicial relief should be, the only question in that situation is whether the court should enter judgment for the plaintiff, not dismiss the case for lack of jurisdiction. Sotomayor, suppose Mr. Garr, right now, were to take a big stack of cash out of his briefcase or a certified check and present that to you. Would there be any case left, then? There might be a defense on the merits if Mr. Garr's client can say we've paid the debt, but that's not something that goes whether there's a part of it. There would be a case or controversy. If this were an individual action and the plaintiff had received from and the damages are, the amount of potential damages are undisputed, and the plaintiff has received that amount from the defendant, no dispute about it, there would be a live case or controversy. The defendant would have a defense on the merits. He could plead a court in satisfaction, he could plead rest judicata. Well, why is there a live case or controversy? What is the controversy? Because there's a past injury that's been alleged, caused by the defendant, that could be redressed in theory with judicial relief. That the ---- Sotomayor, which would give the defendant the plaintiff what in addition to the money under my hypothesis? He shouldn't get anything in addition to what he's already received, but that goes to the merits, not to whether an Article III case or controversy exists. When a court ---- Kennedy, you're saying the defendant has an interest, pardon me, that the plaintiff has an interest in the judgment. Yes.  Well, he hasn't obtained the relief. Again, why ---- let's assume a case in which they ask for $10,000 and $10,000 is deposited in a bank with irrevocable instructions to pay it. What is the concrete injury, as the Chief Justice said, that results in adversity? The concrete injury is the past injury that he's already suffered. That the injury has already been remedied is a defense that goes to the merits. It doesn't go to Article III. Everyone agrees, Justice ---- I'm sorry. Everyone agrees, Justice Kennedy, that under your hypothetical, the case should be thrown out of court. The only dispute is whether it's thrown out of court on jurisdictional grounds under Article III or whether it's bounced on the merits because the defendant has an affirmative defense. Voluntary cessation can moot a case, whether the plaintiff likes it or not, right? If it's certain that the conduct won't reoccur. Well, if it's certain that they're going to give you the money that you ask for, why isn't the same result applied? In other words, why is it not simply what the plaintiff wants? It doesn't want the money he's asking for. He wants a judgment that will give him the money. As far as I can tell, that's your argument. When you're dealing with past injury, Mr. Chief Justice, there's always a past injury that remains. Even if it's not. But there has to be adversity, as the Chief Justice mentioned in his first question. And if $10,000 is in the bank and he's been injured in the sum of $10,000, there's no adversity. There is adversity if the plaintiff comes into court. Kennedy. Other than the stigma of a judgment. If the plaintiff comes into court demanding more and the defendant says, no, you're not entitled to that, there is adversity, Justice Kennedy. Now, the plaintiff is not legally entitled to additional damages on the merits if he's already been paid. But again, that goes to the merits. That's not part of the Article III inquiry. Redressability under Article III does not ask whether the plaintiff is legally entitled to the relief he demands. He could be making an utterly meritless claim for relief, but that's not the Article III question. Article III assumes the plaintiff would have a legal entitlement to the relief demanded and asks whether that relief, if granted by the Court, would redress the injury that he owed. Roberts. You put a lot of weight on what the plaintiff's, but there's another interest here, which is the Court's interest. You're being given everything you want. You say, well, we've had a past injury. Well, you ask for relief on that, and that is what you're being given. And yet you say, nonetheless, we're entitled to enlist the Court in the Court's time, and not only that, under Article III, we're entitled to get a legal ruling even though there's no – there's nothing more that they can give you. You won't take yes for an answer. Just to be clear, Mr. Chief Justice, we have not been offered everything we've demanded. We have – we have – that's a different question. The district court said you were. No, no, I'm sorry. The district court did not say that. There's no finding.  As a matter of law or as a finding of fact, that we were offered complete relief. What the district court said on page 40A is that it assumes for the sake of argument that the offer constituted complete relief only – only – No, I'm sorry, counsel, that's not what it says. It's not we assume for the sake of argument. It says the parties do not dispute that Defendant's Rule 68 offer would have fully satisfied the individual claims asserted, or they could have been asserted by plaintiff in this action. Only the individual claims, and the district court was wrong to say that we did not dispute that. If you look at docket entry 58 – Well, did the Ninth Circuit proceed to decide the case on the basis of that factual  No, it didn't. We disputed in the Ninth – we said in the Ninth Circuit that the district court was wrong to say that on page 40A of the petition appendix. It's in docket entry 13 in the Ninth Circuit record on page 40A. Did the Ninth Circuit proceed to decide the case on the basis of the assumption that the district court factual determination was correct? No. The Ninth Circuit assumed for the sake of argument. I think that is the same as proceed to decide the question. No, I don't – I don't agree, Mr. Chief Justice. There was binding precedent in the Ninth Circuit already before we got there in Diaz and Pitts that said even an offer of complete relief from the defendant does not moot the case. So if the defendant throws up his hands and unconditionally surrenders, whether it's a class action or not, that has nothing to do with mootness. It may justify a forced entry of judgment, but it does not moot the case. And that's the problem that Mr. Garre cannot get around, because Campbell Ewald insists in this case that the district court – Scalia, you're contrasting a forced entry of judgment on the one hand with mootness on the other. But a forced entry of judgment is one of the remedies for mootness. No. Those are mutually exclusive. If the case is moot, a court cannot enter a judgment ever under any circumstance. The only proper response in that situation is to dismiss for lack of subject matter jurisdiction under Rule 12b-1. There can never be a judgment. Scalia, I think when there has been a settlement and the parties have agreed to a settlement, the court can enter a judgment. It can. And that's exactly why settlement – Even though the case is moot, which is a settlement. No, the case is not moot. If the court is entering a judgment, by definition, the case is not moot. Mootness requires a jurisdictional dismissal. Mootness forbids the entry of any type of judgment. So for Campbell Ewald to come into this Court and say that the district court retained the prerogative to enter judgment on the merits after the offer of complete relief has been tendered is a confession that the offer of complete relief is not the case. It isn't a judgment on the merits. It's a judgment affirming the settlement, affirming what the parties themselves have agreed to. That's still a judgment. It doesn't go to the merits of the claim. It may not resolve the merits for purposes of issue preclusion. That's correct, Justice Scalia. But it's still a judgment under Rule 58. It is court-ordered relief. And a court cannot do that in a case when it lacks subject matter jurisdiction. Mootness and forced entry of judgment are mutually exclusive. Roberts. Roberts. So just to be clear on the facts without getting into a dispute, let's say that the offer is for the all relief that you've asked for, not a question of what you think you're entitled to or what they think, everything you've asked for, including all attorneys' fees, so there's no question of cost shifting or anything like that, all injunctive relief. If they come to you and say, you write the injunction, you say there's still a case or controversy that could precede the litigation. There is a case or controversy that might lead to a forced entry of judgment if the plaintiff for obstinacy or other types of reasons wants to decline this offer. It's hard to imagine. But what is the controversy? In the case I've hypothesized, what is the controversy? The controversy is the plaintiff wants a judgment of the court that incorporates that relief. A mere offer from the defendant is a legal nullity. He's not getting the money. Roberts If the plaintiff is being obstreperous or whatever, you know, just refusing to take it for spite or some reason, in that case? Enter a judgment, not dismiss for mootness. And what would the judgment say? The judgment would say you asked for X, the defendant offered X, this case is over. Both sides agree on what the proper legal relief should be. But an entry of judgment. But I thought that's what Mr. Gara is arguing. He says you need a judgment. No, he's saying it's moot. Now, he's trying to say that mootness allows the court also to enter a judgment, but that's a contradiction in terms. If it's moot. Kagan And I take it that this judgment that you're talking about would be he offered this, it's everything that you asked for, we are ordering that he pay it, and now the thing is dismissed. Roberts And now it's backed up with the force of the court. It can be enforced with contempt citations, which a mere offer of complete relief can't. In fact, an unaccepted offer has no legal effect at all. And a judgment. If the case is dead when there's, when the judgment is entered, it seems to me it's even more dead when you've actually got the case in hand. If you have the judgment, you may have to enforce the judgment. You don't actually have anything of value. You have a piece of paper. You still have, you may still have to enforce the judgment, but that's much easier than enforcing an unaccepted offer. It's better to be, if somebody gave you the choice between a judgment that says you're entitled to a certain amount of money and the money itself in your hand, you would rather have the judgment. We don't have the money in our hand. It's been offered. Sotomayor, but if you did, that was my first hypothetical, if you did, if you actually had the money in hand. If we actually had the money in hand, we're not entitled to an additional judgment because the defendant in that case would have a defense on the merits. It still doesn't justify throwing us out of court on mootness grounds. It's not jurisdictional. I'm sorry, go ahead. Scalia, so every case has to be tried, even when you've been paid. No, not tried. I want a judgment. No. And you say it's not moot. The Court can say we're terminating the litigation and entering judgment for you, Mr. Plaintiff, because you're not accepting an unconditional surrender from the defendant. You don't go to trial in that situation. You enter judgment for the plaintiff. It's not to be thrown out for lack of jurisdiction. A jurisdictional dismissal sends the plaintiff home empty-handed with nothing, no judicial relief at all. This unaccepted offer is just out there. It hasn't been accepted. It can't be enforced in any way, not by contract, not by any remedy. Roberts If Mr. Garr, as you're leaving the courtroom today, says, here, we will accept an entry of judgment, one, we'll make sure you get whatever attorney's fees you want, and we will accept an entry of judgment, then the case would be over? Well, it certainly would not be moot. Would it be over? If he wants to accept an entry of judgment on everything that we've asked for, which includes the attorney's fees, a real injunction, not a vague obey-the-law injunction that's in his offer, and class certification and class relief. Oh, well, that's the whole thing, right? Right. This is all about class certification. Well, one does not get to class certification until the court first concludes that the individual claims have become moot. And there's no way the claims can be mooted out simply by an offer of complete relief. So the case comes down to, once we put away, hypothesize that you're getting everything you, as the plaintiff in this case, has asked for, it all comes down to whether or not you can get the class certified. But it comes to the question presented asked whether the offer of complete relief moots the case. And the answer to that question is no. Roberts And you're saying that it's not because of the possibility that you could get a class certified. My hypothesis is you get everything else, okay? The only thing they don't say, they enter a judgment. You want a judgment, here's your judgment. You want all the attorney's fees, here's all your attorney's fees. You want an injunction, you know, go ahead and write your injunction. But you say still not because you might be able to be the representative plaintiff in a class action. That's one of many reasons why it's not. Breyer. I don't see why that one would be a good one. The thing I thought was interesting here, and I want to know your position, is the AFL-CIO brief. Yes. Which is on your side. Yes. Do you agree with it? I wouldn't say that we agree with it. I want to know. Do you agree with it? No, we don't. Why not? What they say is that the right way to go about this is, and they cite cases and so forth in the 19th century, is that the defendant should not do you're right, it's not an offer. Of relief, what they say is the defendant is supposed to tender the money. And when he tenders the money, if the plaintiff won't accept it, he goes to the court and he deposits the money in the court, and the court then issues a judgment saying this case is over. That's what I read here in pages 9 to 11, and they have lots of authority, and that gets rid of the problem, and there's no, it seems to me, if it isn't right, why isn't it? It may be over, but it's not moot. It says nothing to do with mootness. Breyer. What the judge does is say they want $10,000. What the defendant does is he says they won't take my check, which should be certified. So he deposits it in court. The judge at that point should say the defendant has all he wants, the case is over, goodbye. And of course, if that person now has all he wants, he can't certify this as a class because he isn't harmed. He gets judgment on the merits in those situations. Fine. Give him judgment on the merits. Who cares? It's actually a very important distinction. Why? Because many reasons. Well, give me one. All right. I'll start with one. The question presented, the question presented asks whether an offer of complete relief renders the case not as a class. I'm not interested at the moment in the question asked. Okay. I am interested in the question I am asking. Right. It may very well be that if the defendant in that case comes into court and says the case is over, the district court would have the prerogative to enter a judgment on the merits for the defendant because the plaintiff has already been paid and the plaintiff can't double debt. That goes to the merits. But Campbell Ewald never asked the district court for judgment on the merits. That isn't what I said. Right. You now sound as if you were agreeing with the AFL-CIO. I don't agree with it because they are implying that that would moot the case. No, they don't say what the effect of it would be. What I want to do to look at, I'm being practical. Okay. And the practical thing is that the defendant wants to pay off the plaintiff by giving him everything he wants. We agree. Is there a way to do it? What they say is yes. The way to do it is you tender the money in a certified check, and if he won't take it, pay the money into court, and the judge then enters a judgment in favor of the plaintiff. And the plaintiff is the plaintiff who has gotten everything he asked for. If he's gotten everything he's asked for, that goes to the court. Not the class certification. There's nothing in there that's not. Apart from class action, which is a more complicated question, but. No, it's not a more complicated question. Well, it is, but it's appropriate. In my hypothetical, I'm saying in those circumstances, do you agree? Do you or do you not agree, and if not, why not? The only thing that's left is you'd like, says the plaintiff, class certification, or at least the lawyer would like. The case is not over if you're talking about class certification, because Roper holds specifically that the representative plaintiff can continue litigating the class certification. Even though there's been a certified check tendered to the plaintiff and a judgment has been entered giving the – saying the case is over because he's got everything he wants. That was the situation in Roper. There was a forced entry of judgment imposed on the representative plaintiffs, and this Court allowed the representative to continue litigating the class certification issue because he had a financial stake in the class certification decision. And Mr. Gomez likewise has a financial stake. That's undisputed. Roberts What is the financial stake here? There are two of them. One is the cost sharing of the lawyers. Okay. Well, the cost sharing. So then that's fully satisfied if the offer covers attorneys. Yes. Of course, this offer does not. Yes. Right. What was the other one? The other one would be the incentive award that he would recover if the class is certified and the case proceeds either to settlement or to victory. And that's another kind of thing. The incentive award? The incentive award. Normally a representative plaintiff, after a class gets certified, in the settlement gets. Roberts Do you – is there any concern that a plaintiff who has received or has been offered all relief that he could receive is an appropriate representative plaintiff of parties who have not gotten all the relief? That might be something for a court to consider under Rule 23, whether this person is an adequate representative. But we don't think there's much of a difference there because the incentive award still gives him incentives to press for the fellow class members. And this Court's upheld Keetam litigation, where the members of Keetam are not. Roberts So the argument is that an individual plaintiff who's gotten everything that he has asked for, and I realize you argue that isn't the case here. Not even close, yes. Is entitled to proceed with the litigation because he might get a bonus from a class action that he would like to lead. That's correct. Okay. But again, that's only one of many reasons why we went on the mootness question. And there's still a problem of the mutual exclusivity between a mootness finding and a forced entry of judgment. Alito Can I ask you just a practical question? Is Mr. Garre right that this is the case? If you were to proceed, if it were the class were certified and you get a judgment, this is a case where the class action attorneys are going to get a lot and the members of the class are going to get virtually nothing. You would have to prove that at the to establish damages, would you not, that the members of the class did not consent to receive these messages, right? That's correct. And how would you do that? How would you be able to how can you prove that somebody, some member of the class at some point when they were agreeing to something on the Internet didn't click a box that said I agree to receive messages from all of a, you know, a big class of senders? There are opt-in lists that are maintained by companies like Mindmatics and Campbell-Ewald that can be discovered, and that's how we would go about proving it. What do you think the class members would get? They're entitled to Individual class members, that's a practical matter. What would they get? What would they get in the settlement? I would imagine they would probably get A settlement. If it settles. What if it's not? They're entitled to $500 apiece in statutory damages that could be trebled to $1,500 if we can show there was an internal violation. And you're going to be able to determine who did not prove that certain people did not consent? It would be based on whether they appeared on the opt-in list or whether they had appeared on some type of opt-in list from which the What do you do to get on that opt-in list? You have to check a box or submit a form that says you're interested in receiving e-mails or text messages about certain topics. And in this case, the Navy instructed Campbell Ewald to send text messages only to people who had opted in to receive information about money for college, travel and adventure, something related to the Navy. And this list was not assembled properly. We haven't talked about the second issue that you raised. One curiosity is the actor that did something wrong was what? What is it, Mike Maddox? Yes, Mike Maddox. But you didn't sue. What is the reason that you went after the contractor only? Campbell Ewald is vicariously liable, and they were the ones that were sued. So you're relying on vicarious liability. Yes. The Ninth Circuit found that the TCPA incorporates vicarious liability and that is the law of the case. Thank you. Thank you, Mr. Mitchell. Mr. Yang. Mr. Chief Justice, and may it please the Court, I'd like to take the opportunity to clarify the Article III question by addressing the elements of an Article III case for controversy and establish Federal practice that I believe shows that an offer, an unaccepted offer in particular, cannot move the case. And if there's time, I'd like to address the derivative sovereignty in the argument. First, there's a distinction that this Court has established between prospective relief and retrospective relief. When you seek prospective relief, you need to show an ongoing or imminent injury. In that context, a defendant can actually halt the injury that's necessary by stopping, so long as you meet the voluntary cessation doctrine or so long as you show that it's not capable of repetition yet of any review. So the injury with respect to prospective relief, that is, the injury that's occurring now or in the future, can end. When we're talking about retrospective relief, damages, the injury is in the past. It's not undone. An offer of money may be compensation for that injury, but the injury continues to exist. For purposes of Article III, the question is, there has to be an injury, it has to be fairly traceable, that's established by the past injury that caused by the defendant, and the requested judicial relief would likely redress the injury. Now, the requested relief, even when there's been an offer, is I want money. Second. Scalia, I'm sorry, those are the three requirements for Article III standing, but there's an additional requirement of adverseness. None of those three requirements that are set forth in our opinions deal with adverseness. That's a separate issue. And that's what's being challenged here. I don't believe so. It's embedded in the requested relief. The plaintiff comes to the court and says, I want relief from the court. The defendant says, no, no, don't grant the relief. I've either or the case is moot. I think that's what's going on here. There's a distinction between a ---- Scalia, it has to be injury in fact, okay? It has to be attributable to the defendant, okay? And the court must be able to remedy it. None of those three requirements, which are the classic requirements, deals with the quite separate point of adverseness. I believe it's embedded in the---- Scalia, if someone comes in and says, yes, you've been injured, the court could provide relief, but I agree with all of that, and here's the money. Well, then the case is not moot. The court can grant relief. The court enters a judgment ordering relief, which is enforceable with all the court's powers, which is quite distinct from a judgment of dismissal for one of jurisdiction. That's a ---- you need to have or a court needs Article III power to direct a remedy against the defendant. It's quite unlike a dismissal for one of jurisdiction. It's also quite unlike the remedy of vacature, which undoes a court judgment. So Mr. Garre's, you know, attempt to kind of frame this either as, you know, a prospective relief case or a case where you're getting a judgment, a judgment of dismissal for one of jurisdiction, is not an enforceable judgment in the way that is relevant for purposes of Article III jurisdiction. Sotomayor, I do understand what you and Petitioner and Respondents Counsel are arguing, which is someone, a judge, has to say at some point, this is in fact complete relief, and enter a judgment for that complete relief. That's your argument. In part, I believe that's right. All right. Parties could stipulate, if they accept an offer of settlement, that's like a stipulation saying this is complete relief for us. There's no adversity. And the parties, when they agree, when they say we've agreed and we give up, the case will normally be thought of as moot. But there's several longstanding Federal practices, both in Federal courts, actually, as well as in State courts, that I think reflects this point. Parties can agree to settle a case, but a court retains jurisdiction to enter a consent decree. This is an enforceable judgment. Justice Kennedy, you talked about Kekkonen. This is the great distinction between a settlement offer and a judgment. A court has authority to enter a consent decree even after the parties have settled. That's more than an offer. It's actually a settlement. Two courts can dispute. Scalia, it has authority to enter that even though the case is moot, right? No. When there's a settlement offer which has been accepted, the court can nonetheless issue a judgment enforcing that settlement, no? The case is not moot because the parties are saying we are agreeing on the entry of a judgment, not we are agreeing in the abstract to just settle the case. So even though the parties have no adverseness at all and they all agree on what the outcome should be, but we want a court to go into this matter, which we've all agreed on, the judgment is what the article 3 adverseness requires? This is not a remarkable proposition. I think it's remarkable. All the time it enters consent decrees. These are enforceable with the power of the court. Two, they also dismiss with prejudice. That is not a dismissal for warrant of jurisdiction. It's a resolution of the claim. Three, they enter judgment in a Rule 68 offer. Also, you look at the affirmative defenses, which are all waivable in Rule 8c, a court in satisfaction, payment, res judicata. Roberts What happens on other grounds of lack of jurisdiction? What if the plaintiff has no injury? There is no injury. In other words, the requirements for Article 3 jurisdiction that you rehearsed, what happens in that case? No jurisdiction for another reason besides mootness. The court would dismiss the case for warrant of jurisdiction, saying that there is no injury. Well, what if the plaintiff comes in and says, well, I want a judgment? Or because what other bases or I want whatever reason. I mean, we're insisting on a judgment, even though arguably, depending upon the scope of the offered relief, the case is moot. In other cases, you say they dismiss it as why doesn't that go to trial, or you get the benefit of the court determination? The standing inquiry has to, of course, be addressed at the relevant stage of the case. So, for instance, at the pleading stage, if you fail to allege an injury sufficient I think you're wrong. I think if there's no standing, I don't think you get dismissed as moot. I think you get a judgment for the defendant, because the plaintiff has no standing. It's not a – it's a judgment that there is lack of standing, that you have no injury. It's not a resolution of the claim itself. Indeed. So the fact that the court issues judgment has nothing to do with whether there's Article III standing, whether there's mootness or not. You can enter the judgment even though there's no Article III standing. There is a difference between a judgment for want of jurisdiction that the court is just – I don't have the power to address this, and a judgment where the court says I have power to enter relief that is enforceable through collateral proceedings through all the great power of a Federal court, that is a big difference. A court requires Article III jurisdiction to exercise that power over the litigants. And that's what normally happens with consent decrees, with dismissals, with prejudice, with a judgment under Rule 68 offer. And it also, conversely, even when a party has been fully paid, the fact that the  defendant hasn't actually raised these, and then belatedly says, I forgot, I paid the guy, and the claim is for $1,000, the court says, sorry, forfeited judgment for another $1,000. So even if the plaintiff is given all the relief to which he is entitled, you say the plaintiff still has a right to involve the Federal court in that – I can't say that controversy, because they still have a right to call – go into Federal court and say, I know Federal court, you're busy with a lot of things, but I still want you to hear my case, even though I've gotten everything I can get. And I don't want to mislead the court into thinking that we're advocating protracted litigation on claims where there is a powerful defense like payment. That is a merits defense. We paid the claim. You don't – you can't get any more money from me. But for the question of the court's power to entertain that merits defense is what we're saying is, like, the fact that we have affirmative defenses that may be waived. Even of res judicata, the court has already adjudicated the very claim, and yet if the defendant does not raise it, this court has held it doesn't go to the court's jurisdiction. And so the court – you could get relief twice. So it's for the plaintiff. Roberts, is a plaintiff who has been given all the relief that he's requested in the view of the United States an adequate class representative? This is, again, not an Article III question, but a Rule 23 question. I think that could be considered by the court in exercising its discretion under Rule 23. But the question is the plaintiff's position. I think if the – I think that's hard, and let me tell you why. To be an adequate representative of the class, you can't simply be looking out for your own interests. You have to be looking out for the interests of the class, and that's part of the requirement. A defendant who says, I'll just accept my money and drop the interests of the class, you know, it's not – you wonder whether that defendant or plaintiff is actually a good, adequate representative. Rule 23, and again, now we're stepping away from the Article III question, and we're getting into questions of discretion. Roberts, thank you, counsel. Mr. Garre, you have 4 minutes remaining. Garre, Thank you, Mr. Chief Justice. First, the Article III principle that should control the resolution of this case was stated in the San Pablo case on page 314. The Court said the Court is not empowered to decide moot questions or declare rules of law which cannot affect the result as to the thing in issue in the case before it, and that's exactly what's at issue before the case, the Court today. Ginsburg Relying on a provision of the California Civil Code, which is quite different from Rule 68. Garre, I'm not talking about the technical distinction of the cases. I'm talking about the Article III principle that controls here. And I am so confused by your argument. You get to say, on your own, unilaterally, I offered you complete relief, even though, right or wrong, the plaintiff is asking for a particular injunction and a particular attorney's fees. You, without any judicial interpretation, intervention, get to moot the case on your terms. What happens if you hadn't done that? Let's assume that he was entitled to attorney's fees. Whose – when does that decision get made and by whom? Garre, that a complete offer has been made? Garre, a court makes the determination that the offer is complete just as it would make a determination that the defendant had, in fact, voluntary fees to pay. That is – that's all I needed for you to say. Okay. Thank you. Okay. Let's stop there. And the Court's made it in this case. So a court gets involved no matter what, right? As it always would for a mootness determination, of course. All right. So you offered and they wanted an injunction. The Court can enter that injunction. I'm putting aside the class action. Yes. All right. But it can't just say the case is moot and not enter the injunction. The terms of the settlement, the terms of the lawsuit, were that an injunction would be issued and you'd pay $1,500, correct? Your Honor, I think Justice Scalia had exactly the right answer on this, which is that there's decades, if not centuries, of practice dealing with this situation, and it's a settlement context. Everyone agrees this Court has repeatedly said that the settlement moots the case. That doesn't mean that courts don't have authority, ancillary jurisdiction to dispose of the case. That's just court usage of words, Counselor. You can't enter a judgment unless there is jurisdiction. I think we're in a little bit of a chicken and egg situation here, Your Honor. This Court has repeatedly said settlements moot cases, and yet courts have authority to enter relief. Accepted settlements. Well, we're back to whether or not the plaintiff can force the court to proceed ahead and expound on the law. And on that, I think my friend's presentation. Not expound on the law, just as Mr. Sotomayor suggested, move this affirmative defense of payment, summary judgment. The case can go forward in their view and the courts will have to expound on the law. There is no independent interest in receiving a judgment. If that's the rule, then mootness is off the table in almost any case. Can the defendant can always say, the plaintiff can always say, I want a judgment. We're down to the question, really, of how do we get rid of this case, because I think that even they recognize that if the offer is for complete relief or the court's below hell, the case has to come to an end. There's two options for this Court. One, you hold that the case should be dismissed as moot, and two, if you don't agree with that, then two, you hold that the case should be disposed of by entering a judgment for the plaintiff based on the terms of the offer of complete relief. That's the Sixth Circuit rule. You can go and look, as we did, there are plenty of judgments where the courts have implemented that rule. There's no evidence of any difficulty in applying that. And what that does is it disposes of cases in a common-sense fashion. It prevents courts from going ahead and expounding on the law in cases in which they have no business doing so. If I can make one point on the immunity issue, Justice Ginsburg, you're exactly right. They sued the wrong party. Mindematics did everything in this case and were at least entitled to immunity from vicarious liability. Roberts. Thank you, counsel. The case is submitted.